JUDGE KAPLAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRANS-MANAGEMENT LIMITED,

                Plaintiff,

-v-

GLYDE MARITIME AGENCY LTD., and
SVETOZAR MARITTIMA s.r.l.

                Defendants.
------------------------------------------------------------x

**07 CV 8519**

07 CV

**VERIFIED COMPLAINT**

OCT 0 2 2007

U.S.D.C. S.D.N.Y.
CASHIERS

       Plaintiff, TRANS-MANAGEMENT LIMITED (hereinafter "TRANS-MANAGEMENT"), by its attorneys, CHALOS, O'CONNOR & DUFFY, L.L.P., as and for its Verified Complaint against Defendants, GLYDE MARITIME AGENCY LTD., (hereinafter "GLYDE"), and SVETOZAR MARITIMA s.r.l., (hereinafter "SVETOZAR"), alleges upon information and belief as follows:

### JURISDICTION

    1.    The Court has subject matter jurisdiction by virtue that the underlying claim herein is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and within the admiralty and maritime jurisdiction of this Court under 28 U.S.C. § 1333.

### THE PARTIES

    2.    At all times material hereto, Plaintiff, TRANS-MANAGEMENT, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principal place of business at 90 Vasall Road, London, SW9 6JA, United Kingdom.

3.  At all times material hereto, Defendant, GLYDE, was and still is a foreign business entity duly organized and existing pursuant to the laws of Liberia, with an office and principle place of business in Athens, Greece.

4.  At all times material hereto, Defendant, SVETOZAR, was and still is a foreign business entity duly organized and existing pursuant to the laws of a foreign country, with an office and principle place of business at 16121 Genova Piazza Della Vittoria, 6-9, Italy.

## FACTS AND CLAIM

5.  On or about February 19, 2004, TRANS-MANAGEMENT, as time-charterer, and GLYDE, as owner, entered into a time charter-party for the M/V CARAT for a period of about seven (7) months.

6.  The subject time charter-party agreement, memorialized on a Baltime Boxlayout (1974) charter-party form, is a maritime contract.

7.  Despite such agreement, defendant GLYDE withdrew the vessel from TRANS-MANAGEMENT prior to the conclusion of the seven (7) month period.

8.  As a result, TRANS-MANAGEMENT suffered damages.

9.  Pursuant to the terms and conditions of the time charter-party agreement, the parties agreed that "[a]ny disputes arising out of or in connection with this charter-party shall be referred to arbitration in Maritime Commission of Russian Chamber of Commerce and Industry in Moscow under English law."

10. TRANS-MANAGEMENT, in accordance with this arbitration provision, commenced arbitration as against defendant GLYDE, and obtained a favorable award against GLYDE, in the amount of US$95,714.27, plus interest at a rate of 3% per annum

starting from April 8, 2005. Therefore, TRANS-MANAGEMENT is entitled to a total amount of US$103,066.41 pursuant to the arbitration award.

11. Additionally, English law provides that the successful party is entitled to costs and legal fees. As best as can be determined at this time, costs and legal fees incurred and to be incurred will be an amount not less than US$50,000.00. Therefore, TRANS-MANAGEMENT's total claim is US$153,066.41.

12. Upon information and belief, at all material times, there existed such unity of ownership and interest between Defendant GLYDE and Defendant SVETOZAR that no separation exists between them and the corporate form of Defendant GLYDE has been disregarded such that Defendant GLYDE primarily transacted the business of Defendant SVETOZAR.

13. Upon information and belief, at all material times, Defendant SVETOZAR was the beneficial owner and/or owned the M/V CARAT in the name of Defendant GLYDE such that Defendant SVETOZAR was the owner of the M/V CARAT.

14. Upon information and belief, at all material times, Defendant GLYDE and Defendant SVETOZAR have overlapping ownership, management, personnel and purposes such that Defendant GLYDE and Defendant SVETOZAR did not operate at arms length.

15. Upon information and belief, at all material times, Defendant GLYDE and Defendant SVETOZAR have had common addresses, common contact information such that the Defendant GLYDE had no independent corporate identity from the Defendant SVETOZAR.

16. Upon information and belief, at all material times, there has been an intermingling of funds between Defendant GLYDE and Defendant SVETOZAR.

17. Upon information and belief, at all material times, Defendant SVETOZAR has dominated, controlled and used the Defendant GLYDE for its own purposes such that there is no meaningful difference between the entities.

18. Upon information and belief, at all material times, Defendant SVETOZAR has disregarded the corporate form of Defendant GLYDE to the extent that Defendant SVETOZAR was actually carrying on GLYDE's business and operations as if the same were its own, or vice versa.

19. Upon information and belief, Defendant GLYDE utilizes the Defendant SVETOZAR to transfer funds through, to and from the Southern District of New York on its behalf.

20. Upon information and belief, there are reasonable grounds to conclude that the Defendant SVETOZAR is the alter-ego of Defendant GLYDE and, therefore, Plaintiff TRANS-MANAGEMENT has a valid prima facie *in personam* claim against Defendant SVETOZAR based upon alter ego liability.

## BASIS FOR ATTACHMENT

21. Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, certain assets, accounts, freights, monies, charter hire, credits, effects, payment for bunkers, goods or services, bills of lading, cargo and the like

belonging to or claimed by the Defendants within this District held by various parties, as garnishees, including by not limited to electronic fund transfers.

22. Plaintiff believes that some of these assets, to wit: bank accounts; payments from the purchasers of cargoes; freight and/or hire payments to or from owners of vessels, or charterers, to Defendants, GLYDE and SVETOZAR, and/or Clearing House Interbank Payment System (CHIPS) credits or funds being transferred through intermediary banks, are located in this District in the possession of garnishees, including ABN AMRO BANK, American Express Bank, Bank of America, Bank of China, Bank of New York, Bank of Tokyo Mitsubishi Ltd., Barclay's Bank, BNP Paribas SA, Calyon, Calyon Financial, Inc., Chase Manhattan Bank, Citibank N/A, Credit Suisse Securities (USA) LLC, Deutsche Bank, HSBC (USA), JP Morgan Chase Bank, Mashreqbank, Societe Generale, Standard Chartered Bank, UBS AG, U.S. Bank, Wachovia Bank, Wells Fargo Bank, CHIPS and possibly other banks or financial institutions located in New York.

WHEREFORE, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within the District, as set forth in the Declaration of George M. Chalos, and pursuant to Rule B and Rule E of the Supplemental Rules of Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B and Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other

funds held by any garnishees in the district which are due and owing, or other property of the Defendants, up to the amount of USD $306,132.82 to secure and satisfy the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B and Rule E answer the matters alleged in the Complaint;

    C.    That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: Port Washington, New York
       October 1, 2007

CHALOS, O'CONNOR & DUFFY, L.L.P.
Attorneys for Plaintiff
TRANS-MANAGEMENT LIMITED

By: _____
George M. Chalos (GC-8693)
366 Main Street
Port Washington, New York 11050
Tel: (516) 767-3600
Fax: (516) 767-3605
Email: gmc@codus-law.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TRANS-MANAGEMENT LIMITED,

                      Plaintiff,           07 CV

-v-

                                        **VERIFICATION OF**
                                        **COMPLAINT**

GLYDE MARITIME AGENCY LTD., and
SVETOZAR MARITTIMA s.r.l.

                      Defendants.
------------------------------------------------------------x

      Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

      1.      I am a Member of the law firm of CHALOS, O'CONNOR & DUFFY, L.L.P., counsel for the Plaintiff, TRANS-MANAGEMENT LIMITED, herein;

      2.      I have read the foregoing Verified Complaint and know the contents thereof; and

      3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

      4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

      I declare under penalty of perjury that the foregoing is true and correct.

Dated: Port Washington, New York
      October 1, 2007

                                  CHALOS, O'CONNOR & DUFFY, L.L.P.
                                  Attorneys for Plaintiff
                                  TRANS-MANAGEMENT LIMITED

By: _____
                                  George M. Chalos (GC-8693)
                                  366 Main Street
                                  Port Washington, New York 11050
                                  Tel: (516) 767-3600
                                  Fax: (516) 767-3605
                                  Email: gmc@codus-law.com